825 F.2d 792
 Leon RUEFLY, Plaintiff-Appellant,
v.
Robert M. LANDON; L.R. Ross; Charles B. Young; Carl F.
Pennington, Jr.; L.K. Burnett; Champ Stone;
Billy W. McFarland; Commonwealth of
Virginia, Defendants-Appellees.
 No. 86-7396.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1987.
Decided Aug. 13, 1987.
 
 Jack Vernon Altizer, Roanoke, Va., for plaintiff-appellant.
 Alan Katz, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Richmond, Va., on brief), for defendants-appellees.
 Before ERVIN and WILKINSON, Circuit Judges, and VAN GRAAFEILAND, Senior United States Circuit Judge for the Second Circuit, sitting by designation.
 ERVIN, Circuit Judge:
 
 
 1
 Plaintiff Leon Ruefly appeals from the district court's dismissal of his amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) in this case involving claims arising under the eighth amendment to the United States Constitution. Although we do not agree with the district court's reasoning, we are persuaded that the amended complaint failed to state any claim upon which relief could be granted. Accordingly, we affirm the judgment of the district court.
 
 
 2
 At the time of the events giving rise to the claims asserted in this case, Ruefly was an inmate at the Tazewell Correctional Unit in Virginia. While he was incarcerated, Ruefly was assaulted by another inmate, Scottie Lowe, who struck Ruefly with a heavy padlock. As a result of the assault, Ruefly lost his left eye and suffered a broken cheekbone.
 
 
 3
 Ruefly sued the defendants in this case, most of whom were employees at Tazewell, alleging violations of 42 U.S.C. Sec. 1983 (1982). The amended complaint alleged that the defendants' intentional, reckless, and negligent failure to provide for Ruefly's safety had deprived Ruefly of his eighth amendment right to be free from cruel and unusual punishment. Ruefly sought compensatory and punitive damages from the defendants.
 
 
 4
 The district court dismissed the amended complaint on the ground that Ruefly had, at most, alleged negligence on the part of the defendants, which would not support a claim for deprivation of constitutional rights under Sec. 1983. In reaching this result, the district court relied upon Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), in which the Supreme Court held that mere negligence on the part of prison officials cannot constitute a deprivation of life, liberty, or property within the meaning of the due process clause of the fourteenth amendment.
 
 
 5
 We think that the district court's reliance on Daniels was misplaced, because Ruefly's amended complaint did not allege deprivation of life, liberty, or property under the due process clause of the fourteenth amendment. Rather, Ruefly alleged that the defendants' conduct had deprived him of his rights under the eighth amendment, as made applicable to the states by the fourteenth amendment. Under these circumstances, the district court should have determined whether the amended complaint sufficiently alleged the infliction of cruel and unusual punishment resulting from the defendants' failure to protect Ruefly against the assault by inmate Scottie Lowe. As we have recently observed, "[c]onstitutional claims of convicted prison inmates that they have suffered physical harm at the hands either of prison officials or of fellow-inmates against whom prison officials failed to provide protection, are most appropriately assessed under the eighth amendment...." Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).
 
 
 6
 It is settled law under the eighth amendment that a prisoner's " 'conditions of confinement' may constitute cruel and unusual punishment because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.' " Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). As we have recognized, "[t]he eighth amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm...." Pressly, 816 F.2d at 979. Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the eighth amendment's prohibition against cruel and unusual punishment. As the Supreme Court has observed,
 
 
 7
 [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. ... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause....
 
 
 8
 Whitley, 106 S.Ct. at 1084.
 
 
 9
 With these principles in mind, we next consider whether Ruefly's amended complaint stated a claim for violation of the eighth amendment's cruel and unusual punishments clause upon which relief could be granted. The relevant question is whether Ruefly has alleged that the defendants wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm posed by Scottie Lowe. In reviewing the sufficiency of the amended complaint, we must, of course, accept all of the well-pleaded facts as true. Even under this lenient standard, however, we conclude that Ruefly has failed to state a claim upon which relief can be granted.
 
 
 10
 The gist of the amended complaint is that the defendants knew Scottie Lowe to be a dangerous and violent inmate, and that, despite this knowledge, the defendants failed to protect Ruefly and other inmates against Lowe's violent propensities. In support of this claim, Ruefly alleged that the defendants knew that Lowe had engaged in fights with other prison inmates on at least two occasions prior to the assault on Ruefly, and that on one of these occasions, Lowe had made threatening remarks suggesting that he would kill the inmate with whom he had been fighting. Ruefly further alleged that the defendants were aware that Lowe had assaulted his wife on one occasion when she visited him in prison. Additionally, Ruefly alleged that immediately prior to the assault on him, Lowe was sent to a psychiatric facility for a period of three weeks, due in part to his assaultive and unstable behavior toward other inmates. Ruefly contends that these facts should have led the defendants to reclassify Lowe to a higher custody status. He further claims that if Lowe had been reclassified to a higher custody status, he would have been transferred from Tazewell to another, more secure institution long before the assault occurred.
 
 
 11
 In our opinion, Ruefly has not sufficiently alleged that the defendants acted in deliberate indifference to a specific known risk of harm in failing to protect him from the assault by Scottie Lowe. At most, the amended complaint alleges that the defendants generally knew Lowe to be a violent person. It is not alleged, however, that the defendants knew or had reason to know that Lowe posed a specific risk of harm to Ruefly. There is no allegation in the amended complaint that Lowe had ever assaulted or threatened Ruefly prior to the incident on which this suit is based. In the absence of any such specific known risk of harm to Ruefly, we cannot say that the defendants violated the eighth amendment by failing to take precautions for Ruefly's safety.
 
 
 12
 It may be that the defendants acted unreasonably in allowing Lowe to remain among the general prison population. Any failure by the defendants to exercise reasonable care cannot, however, provide a basis for Ruefly's claim of an eighth amendment violation. In Whitley, the Supreme Court made clear that prison officials can be held liable for violations of the eighth amendment only when their conduct rises to the level of wantonness, obduracy, or deliberate indifference. Such willful conduct cannot be inferred from the facts alleged in Ruefly's amended complaint.
 
 
 13
 In short, we agree with the district court that Ruefly has, at most, alleged negligence on the part of the defendants. Because mere negligent conduct cannot support a claim for violation of the eighth amendment's cruel and unusual punishments clause, we affirm the district court's dismissal of Ruefly's amended complaint for failure to state a claim upon which relief could be granted.
 
 
 14
 AFFIRMED.