869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry L. RIZER, Plaintiff-Appellant,
v.
Harry GILLISPIE; R.P. Lohr; Tony Leemasters; C.O.I. Yoho;
C.O.I. Coleman; C.O.I. Kissner; Ox Clutter; Manfred G.
Holland; A.V. Dodrill, Commissioner of West Virginia
Department of Corrections, Defendants-Appellees.
 No. 88-7312.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1989.
Decided: Feb. 6, 1989.
 
 Harry L. Rizer, appellant pro se.
 James B. Russell (Office of the Attorney General of West Virginia), for appellees.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harry Rizer, a West Virginia inmate, appeals from the sua sponte dismissal of his 42 U.S.C. Sec. 1983 action alleging that the defendants failed to protect him from an assault by fellow inmates. For the reasons discussed below, we vacate the judgment of the district court and remand the case for further consideration.
 
 
 2
 This Court has held that "[t]he eighth amendment protects a convicted inmate from the deliberate or callous indifference of prison officials to specific known risks of harm." Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987); see also Ruefly v. Landon, 825 F.2d 792 (4th Cir.1987). The district court found that Rizer's complaint contained no allegation or evidence that the defendants acted with deliberate indifference to a specific known risk of harm. We disagree.
 
 
 3
 Read in the light most favorable to Rizer, his complaint alleges that shortly before his arrival at the West Virginia Penitentiary at Moundsville, the acting warden at that prison received a letter which warned that a death threat against Rizer had been made by an inmate believed to be incarcerated at Moundsville. Rizer had been threatened apparently because it was believed that Rizer had been an informer during a previous prison term. Rizer further alleges that upon his arrival at Moundsville he made several requests to be placed in protective custody because of these death threats. Despite his pleas, prison officials refused to place him in protective custody and instead placed him in administrative segregation where there was a much greater chance of contact with inmates from the general prison population. Rizer alleges that approximately seven months after his arrival at Moundsville, he was attacked in the administrative segregation unit by five inmates who succeeded in slashing his throat with homemade knives. Rizer alleges that during the assault, four of the defendant correctional officers simply stood and watched that attack and made no attempt to intervene or come to Rizer's aid.
 
 
 4
 We believe that these allegations are sufficient to state a claim that the prison officials were deliberately indifferent to a specific known risk of harm when they allegedly refused to provide Rizer with protection despite his repeated requests that they do so even after they were made aware of specific threats against Rizer's life. The district court's opinion implies that the seven-month gap between the time prison officials learned of the death threat and the time of the actual attack was conclusive proof that the defendants were not deliberately indifferent. While this fact may vitiate Rizer's claim somewhat, it is not conclusive as to the seriousness of the threat made known to the prison officials nor is it probative of the prison officials' motivation in denying Rizer's repeated requests for protective custody. In sum, we decline to hold that as a matter of law this seven-month gap precludes Rizer from maintaining this claim.
 
 
 5
 Finally, the district court failed to address Rizer's second claim that correctional officers refused to come to his aid while he was being attacked. We believe that this allegation is also sufficient to state a claim under the standard of Pressly and Ruefly. Accordingly, we also remand this claim for further consideration.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.