914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nevil Kirk HAMILTON, Plaintiff-Appellant,
v.
Carl LEGURSKY, Warden, West Virginia Penitentiary, Ronald O.
Gregory, Commissioner, West Virginia Division of
Corrections, Dennis Eisenhauer, Deputy Warden of Operations,
West Virginia Penitentiary, Rick P. Lohr, Major, Chief
Correction Officer, John Hepburn, Major, Chief of Security,
Defendants-Appellees.
 No. 90-7335.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 26, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CA-90-86(E))
 Nevil Kirk Hamilton, appellant pro se.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Nevil Kirk Hamilton appeals the district court's dismissal, pursuant to 28 U.S.C. Sec. 1915(d), of this action challenging the constitutionality of conditions of the West Virginia Penitentiary's Protective Custody Unit. Because we agree that the complaint lacks an arguable basis in law or in fact, we affirm. See Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882).
 
 
 2
 Hamilton complains that protective custody inmates are subject to more restrictive conditions than are general population inmates. This Court has held "that conditions imposed on [protective custody inmates that are] less favorable than those afforded the general prison population do not give rise to a meritorious claim of denial of equal protection or a denial of due process where the restrictions bear a rational relationship to the protection of the prisoner requesting such relief and where the restrictions are not so onerous as to jeopardize his health." Taylor v. Rogers, 781 F.2d 1047, 1050 (4th Cir.1986). The conditions about which Hamilton complains, individually and collectively,* do not rise to the level of a constitutional violation.
 
 
 3
 Hamilton also alleges that conditions on the Protective Custody Unit are potentially dangerous. He identifies no acts of violence, and nothing in the record suggests the existence of a pervasive risk of harm which officials would be bound to protect against. Cf. Ruefly v. Landon, 825 F.2d 793 (4th Cir.1987); Shrader v. White, 761 F.2d 975, 979-80 (4th Cir.1985). Again, Hamilton's contentions regarding security risks are meritless.
 
 
 4
 Hamilton's remaining complaints similarly suggest no constitutional infirmity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 These include lack of daily access to counseling and the canteen, inadequate recreational equipment, and lack of "ready" access to telephones