30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Warren GRIFFIN, Plaintiff-Appellant,
v.
Bishop L. ROBINSON; Elmanus Herndon; James Rollins;
Bernard Smith; James C. Saunders, Defendants-Appellees.
 No. 93-7179.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 5, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-91-1540-N)
 Roger W. Malik, Law Offices of Roger W. Malic, Baltimore, Md., for appellant.
 J. Joseph Curran, Jr., Atty. Gen. of Maryland, Evelyn O. Cannon, Asst. Atty. Gen., Glenn William Bell, Asst. Atty. Gen., Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Warren Griffin, a Maryland state inmate, appeals from the district court's order adopting the magistrate judge's recommendation and granting summary judgment for Defendants in Griffin's 42 U.S.C. Sec. 1983 (1988) action. Because the appeal lacks merit, we affirm.
 
 
 2
 While Griffin was housed at the Maryland State Penitentiary, he had a dispute with inmates Anthony and Steven Reyes who threatened to "mess [Griffin] up." Concerned for his safety, on July 12, 1989, Griffin asked the traffic officer to place him in protective custody. The traffic officer referred Griffin to another correctional officer who moved Griffin to another area within the prison, but did not place him in protective custody. The next day, Griffin went to the weight room where he was stabbed several times by the Reyes brothers.* There were no guards in the weight room at this time.
 
 
 3
 Pursuant to 42 U.S.C. Sec. 1983 (1988), Griffin filed a complaint against five prison officials, but did not sue the guards to whom he made his protective custody request. Griffin alleged that Defendants violated his Eighth Amendment rights by failing to protect him from the attack; he also asserted a pendent state claim for breach of contract. The magistrate judge recommended granting summary judgment for Defendants on the Eighth Amendment claim and advised the court not to exercise supplemental jurisdiction over the pendent state claim. After de novo review of those portions of the magistrate judge's report and recommendation to which Griffin objected, the district court adopted the magistrate judge's recommendation and granted summary judgment for Defendants. Griffin timely appealed.
 
 
 4
 As in the district court, Griffin argues that Defendants violated his Eighth Amendment right to protection against harm because they knew or should have known that a pervasive risk of harm existed in the weight room for the general prison population. Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). If prison supervisors know of a pervasive risk of harm and fail to take reasonable steps to prevent such harm, their conduct may be characterized as deliberate indifference toward, or tacit authorization of, offensive acts, for which they independently may be held liable under 42 U.S.C. Sec. 1983. Farmer v. Brennan, 1994 WL 237595, at * 7, --- U.S.L.W. ---- (U.S.1994); Moore, 927 F.2d at 1316; Orpiano v. Johnson, 632 F.2d 1096, 1101 (4th Cir.1980), cert. denied, 450 U.S. 929 (1981). Mere negligence, however, does not state a claim. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir.1987).
 
 
 5
 Griffin claims that evidence from another case involving a 1985 stabbing in the Maryland Penitentiary weight room proves that Defendants knew about a pervasive risk of harm in the weight room to the general prison population. However, the district court in that case concluded that there was no pervasive risk of harm in the weight room and, on appeal, this Court affirmed. Jones v. Hopkins, No. 88-195-JFM (D. Md., May 29, 1991), aff'd, No. 91-6086 (4th Cir. Jan. 22, 1992).
 
 
 6
 Griffin also argues that Defendants violated his Eighth Amendment rights because no trainer was present in the weight room as required by prison regulations. There is no evidence that Defendants knew that there was no trainer in the weight room. "Failure to supervise adequately, especially without a showing that the defendants were aware that subordinates had failed to carry out prison policies, does not constitute [an Eighth Amendment violation]." Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992).
 
 
 7
 Neither party addresses the district court's treatment of the pendent state claim. Nevertheless, it warrants discussion. As earlier mentioned, because the magistrate judge recommended granting summary judgment on the Eighth Amendment claim, he recommended that the court decline to exercise supplemental jurisdiction over the pendent state claim. The district court adopted the recommendation, but granted summary judgment for Defendants without distinguishing between the constitutional and pendent state claims. Because the district court properly granted summary judgement for Defendants on the federal claim, the court properly declined to exercise supplemental jurisdiction over the state claim. 28 U.S.C.A. Sec. 1367(c)(3) (West 1993). Dismissal of the state claim should have been without prejudice, however. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Ridenour v. Andrews Fed. Credit Union, 897 F.2d 715, 722 (4th Cir.1990).
 
 
 8
 For these reasons, we affirm the district court's order adopting the magistrate judge's report and recommendation and granting summary judgment for Defendants, but modify the order to reflect dismissal without prejudice of Griffin's pendent state claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *
 None of the three men were authorized to be in the weight room at the time of the incident; consequently, each received an institutional infraction for being "out of bounds. "