62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael McGEE, aka Mike McGee, Plaintiff-Appellee,
v.
F. A. BROWN, Defendant-Appellant.
 No. 94-16827.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided July 28, 1995.
 
 Before: CUMMINGS,* SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F.A. Brown, a California state corrections officer, appeals the denial of his motion for summary judgment on qualified immunity grounds in a 42 U.S.C. Sec. 1983 suit brought against him by McGee, an inmate. McGee alleged that Brown violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect him from attack by another inmate, thereby manifesting deliberate indifference to a substantial risk of harm he faced. Brown moved for summary judgment on the ground of qualified immunity, and on the additional ground that, as a matter of law, he had not acted with deliberate indifference.
 
 
 3
 In his July 13, 1994 Findings and Recommendations, the magistrate judge rejected Brown's qualified immunity claim. The magistrate judge found, inter alia, that "[a] material issue of fact as to defendant Brown's knowledge or state of mind" remained unresolved by the summary judgment motion. On August 25, 1994, the district court adopted the magistrate judge's Findings and Recommendations.
 
 
 4
 We conclude that we lack jurisdiction to hear this appeal. In Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), the Supreme Court held that a court of appeals has jurisdiction over an interlocutory appeal from a denial of a qualified immunity claim under 28 U.S.C. Sec. 1291 pursuant to the collateral order doctrine. The Court, however, recently limited Mitchell's applicability.
 
 
 5
 In Johnson v. Jones, 115 S. Ct. 2151 (1995), the Court explained that Mitchell does not stand for the proposition that circuit courts have jurisdiction over every appeal of a denial of summary judgment based on qualified immunity. Rather, interlocutory appeals are limited to cases presenting "abstract issues of law." Johnson, 115 S. Ct. at 2158 (holding, in the context of a Sec. 1983 constitutional tort action, that defendants could not appeal denial of their qualified immunity claim where the order in question involved only sufficiency of the evidence, a fact-related district court determination). A defendant who is entitled to invoke a qualified immunity defense may not appeal a district court's summary judgment order insofar as that order determines whether the pretrial record sets forth a "genuine issue" of fact for trial. Id. at 2159.
 
 
 6
 Johnson makes clear that where an unresolved issue of fact remains regarding a defendant's intent, a circuit court lacks jurisdiction to hear an appeal of a district court's denial of a qualified immunity claim. Explaining why a defendant may not appeal such an order, the Johnson court wrote:
 
 
 7
 Many constitutional tort cases involve factual controversies about, for example, intent-controversies that before trial, may seem nebulous. To resolve those controversies-to determine whether there is or is not a triable issue of fact about such a matter-may require reading a vast pretrial record.... [A]n interlocutory appeal concerning this kind of issue ... makes unwise use of appellate courts' time.
 
 
 8
 Id. at 2158.
 
 
 9
 This appeal from an order denying summary judgment because of the existence of a material issue of fact is, like the order in Johnson, unappealable.
 
 
 10
 DISMISSED.
 
 RYMER, Circuit Judge, concurring:
 
 11
 I agree that Johnson v. Jones, 115 S. Ct. 2151 (1995), prevents us from reviewing the district court's order denying summary judgment since the order considered qualified immunity and the merits as one ball of wax. I write separately to emphasize three points, because the qualified immunity case should never have ended up this way.
 
 
 12
 First, we decide only that the district court's order is not subject to interlocutory review in its present state. We express no view on the merits of McGee's Sec. 1983 action or on Brown's entitlement to qualified immunity.
 
 
 13
 Second, while understandable in light of our opinion in Hamilton v. Endell, 981 F.2d 1062 (9th Cir. 1992), the district court's approach to qualified immunity puts the cart before the horse. It read Hamilton as conflating qualified immunity with the merits in prisoner cases; thus, once the court determined that a triable issue existed with respect to whether Brown was deliberately indifferent on the merits, it held the same thing on qualified immunity. Qualified immunity, however, is distinct from the merits and should be resolved without regard to the merits. As Johnson points out, "'a qualified immunity ruling ... is ... a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case."' Johnson, 115 S. Ct. at 2156 (emphasis added) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 n.10 (1985)). For this reason, an "'appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim."' Id. (emphasis added) (quoting Mitchell, 472 U.S. at 528). Therefore, while there may be a genuine issue of fact on the merits regarding Brown's state of mind, it isn't material to the question of qualified immunity.[1]
 
 
 14
 Third, the proper question on the issue of qualified immunity in this case is whether, in light of clearly established law governing his conduct, Brown objectively could have believed that failing to separate McGee was lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993). In my view, he could have. See Farmer v. Brennan, 114 S. Ct. 1970 (1994); Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986); see also Robinson v. Cavanaugh, 20 F.3d 892 (8th Cir. 1994); Ruefly v. Landon, 825 F.2d 792 (4th Cir. 1987). Thus, it was not clearly established that a prison guard violates a prisoner's Eighth Amendment rights when the guard makes a judgment call against protective housing after the prisoner relates rumors of a threat but identifies no suspect.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if it is still good law after the Supreme Court's reiteration of the separate nature of the Mitchell qualified immunity inquiry in Johnson, Hamilton involved medical needs and is distinguishable on that ground. See Whitley v. Albers, 475 U.S. 312, 320 (1986) ("the State's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities"); Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir. 1986) (recognizing "competing institutional concerns" present in separation cases that distinguish them from medical treatment cases)