**Ronald Lee Roy BRANCHCOMB, Appellant,**

v.

**Lou BREWER, James Menke, and Charles Wilkins, Appellees.**

**No. 81–1786.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided Feb. 11, 1982.

---

**1298**

Gordon E. Allen, argued, Allen, Babich & Bennett, Des Moines, Iowa, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, John G. Black, Sp. Asst. Atty. Gen., Jonathan Golden, Asst. Atty. Gen., argued, Des Moines, Iowa, for defendants-appellees.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and WOODS, District Judge.

PER CURIAM.

This is a 42 U.S.C. § 1983 action brought by an Iowa inmate against the Warden and other officials of the Iowa Men's Penitentiary. Plaintiff claims that he has been assaulted and homosexually raped and that defendants are at fault. Defendants' conduct in permitting plaintiff to be exposed to the inmates who attacked him is said to have violated the Fifth and Eighth Amendments, as made applicable to the States by the Fourteenth.

After a non-jury trial, the District Court filed findings of fact and conclusions of law and entered judgment for defendants. The court's findings of fact simply recited the dates and times of plaintiff's incarceration and the history of his transfers among various units of the Iowa Division of Adult Corrections. The court also found that plaintiff was in fact sexually assaulted and homosexually raped by two fellow inmates. The second conclusion of law held that defendants did not violate plaintiff's constitutional rights.

This is not a case in which plaintiff claims that defendants personally inflicted any harm on him. Rather, the theory of the action is that defendants did not take sufficient precautions to protect plaintiff from violence by fellow inmates. In order to sustain this claim, plaintiff must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates. See *Cline v. Herman*, 601 F.2d 374, 376 (8th Cir. 1979) (per curiam); *Little v. Walker*, 552 F.2d 193, 197–98 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). The question of defendants' state of mind, espe-

cially in a relatively complex fact situation like that presented here, is not a simple one. It depends, rather, on a careful evaluation on all the circumstances.

Here, the findings of fact made by the District Court are not sufficient to enable us to exercise our reviewing function in an intelligent fashion. The District Court made no finding as to the defendants' state of mind. The court's findings and conclusions tell us little more than a general verdict for defendants returned by a jury would have. This omission does not deprive us of jurisdiction to review the judgment below, but it does make our reviewing function a good deal more difficult. See *Finney v. Arkansas Board of Correction*, 505 F.2d 194, 212 (8th Cir. 1974). In this situation, we think the best course is to remand this cause to the District Court with directions that more specific findings of fact as to the defendants' state of mind be made, supported by such references to the record as the District Court may think fit.

The findings of the trial court need not contain exhaustively detailed references to the evidence, but they should be sufficiently precise as to inform us of the basis for the trial court's decision on the material issues of the case. The findings should describe the involvement of each individual defendant with plaintiff's case, including a description of what each defendant knew about plaintiff, the conditions to which he was or might be exposed, and the risk of assault from fellow inmates.

This cause is remanded to the District Court for the making of supplemental findings of fact as indicated in this opinion. We will retain jurisdiction pending the entry of these findings, which the District Court is requested to make as soon as reasonably practicable. When the District Court's findings are made and certified back to this Court, the cause will be deemed submitted for decision without further briefing or argument.

IT IS SO ORDERED.