**Richard G. LAWLER, Plaintiff,**

v.

**Ronald C. MARSHALL, et al.,
Defendants.**

**No. C–1–84–1819.**

United States District Court,
S.D. Ohio, W.D.

Oct. 30, 1987.

Richard G. Lawler, Lucasville, Ohio, pro se.

Chris Stegeman, Asst. Atty. Gen., Cincinnati, Ohio, for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 100) and the plaintiff's Motion to Review (doc. no. 102).

This Court concurs in the Magistrate's presentation of the facts alleged by plaintiff in his original Complaint and two Amended Complaints. As it appears, so does plaintiff.

This Court also concurs in and adopts the legal reasoning and conclusions of fact and law underlying the recommendation to deny the plaintiff's Motions for Leave to File Second and Third Amended Complaints.

The standards for dismissal of a complaint as frivolous under § 1915(d) and dismissal for failure to state a claim upon which relief can be granted under Fed.R. Civ.P. 12(b)(6) are identical in this circuit. *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir.1986); *Malone v. Colyer,* 710 F.2d 258, 261 (6th Cir.1983). An action is frivolous under § 1915(d) if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Spruytte v. Walters,* 753 F.2d 498, 500–01 (6th Cir.1985); *Malone,* 710 F.2d at 261; *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980).

The eighth amendment provides prisoners with a right to be free from attacks by fellow inmates. In order to state such a claim under § 1983, plaintiff must allege facts which indicate that defendants were wanton, reckless or deliberately indifferent in dealing with a pervasive risk of harm to plaintiff. *Martin v. White,* 742 F.2d 469, 474 (8th Cir.1984); *Little v. Walker,* 552 F.2d 193 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55

L.Ed.2d 530 (1978); *Curtis v. Everette,* 489 F.2d 516 (3d Cir.1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). *See also Stewart v. Love,* 696 F.2d 43 (6th Cir.1982); *Holmes v. Goldin,* 615 F.2d 83 (2d Cir.1980). Plaintiff "must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his Constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Branchcomb v. Brewer,* 669 F.2d 1297, 1298 (8th Cir.1982).

■ In other words, a plaintiff must be able to prove that defendants were wanton, reckless or deliberately indifferent in dealing with a pervasive risk of harm which involves and violates plaintiff's Constitutional rights. The facts alleged by plaintiff, in this case, taken in a light most favorable to him, present the following situation: an inmate, assigned to go around with coffee and milk and to clean the cells and showers, was in those areas and threw those liquids onto plaintiff at which point the defendant guards were made aware of it and probably did not report it. Except for the "kites" of October 8th, there is absolutely no evidence that they were deliberately indifferent. While it may rise to a degree of negligence to allow one of the less stable inmates to be porter, it does not rise to the level of gross negligence which the Court defines as wantonness or recklessness. One attack cannot be regarded as a pervasive risk of harm and the incident described does not rise to the level of force contemplated by the Courts in an Eighth Amendment claim.

■ As to the liability of supervisory personnel, plaintiff must prove that the supervisor encouraged in the specific incident of misconduct or in some other way directly participated in it. *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir.1984); *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982).

■ Although the fact that the prison officers did not respond to the October 8th "kites" in any manner is somewhat disconcerting, this Court finds that in the day to day running of a correctional facility, it would be unreasonable to expect officials to respond to requests based on vague allegations such as those contained in the "kites."

Further, the attack itself was an isolated event and one not specifically described in the "kites." Prison officials were alerted to the possibility of an attack on any of 39 prisoners on this range, never that it would definitely be directed against plaintiff.

In *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), the Supreme Court held that a prison guard is "protected from liability for mere negligence because of the need to protect his use of discretion in his day-to-day decisions in the running of a correctional facility."

■ The damages for mental distress within the context of 42 U.S.C. § 1983 can only be based on a finding of liability on the part of some official involving something more than negligence. In *Mary and Crystal v. Ramsden,* 635 F.2d 590 (7th Cir., 1980), the jury had found that the facility's psychologist had caused cruel and unusual punishment to be imposed upon plaintiff. In *Rhodes v. Robinson,* 612 F.2d 766 (1979), the prison guards were actively involved in the beating of an inmate within earshot of the plaintiff. Having found in this case that the defendant's actions do not involve more than mere negligence, there can be no surviving action for mental distress.

This Court has never ruled that plaintiff's Complaint stated a legitimate claim for relief, only that he had a right to attempt to prove that he did. While all filings are liberally construed in favor of the plaintiff, the Court needs more than bare allegations to allow this action to proceed. It is beyond doubt that, based on these pleadings, plaintiff can prove no set of facts which would entitled him to relief.

The Report and Recommendations of the United States Magistrate are hereby ADOPTED. Plaintiff's Motions for Leave

to File a Second and Third Amended Complaint (doc. nos. 24 and 33) are hereby DENIED. Defendant's Motion to Dismiss Plaintiff's Complaint (doc. no. 53) is hereby GRANTED.

IT IS SO ORDERED.