16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Anthony ADDISON, Appellant,
v.
B. WASHINGTON, Officer, Cummins Unit, Arkansas Department of
Correction; King, Captain, Arkansas Department of
Correction; Reed, Lt., Arkansas Department of Correction;
Tate, Captain, Arkansas Department of Correction; Heir,
Lt., Arkansas Department of Correction, originally sued as
Heier; Bradberry, Warden, Arkansas Department of
Correction, originally sued as Bradbury, Appellees.
 No. 93-2619.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 13, 1993.
Filed: December 16, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony Addison, an Arkansas inmate, appeals from the District Court's[1] judgment dismissing his complaint under 42 U.S.C. Sec. 1983 (1988). We affirm the judgment of the District Court.
 
 
 2
 Addison claimed that defendant prison officials breached their duty to protect him and were deliberately indifferent to his safety. He alleged that Correctional Officer Washington, in violation of institutional policy, allowed Addison and inmate Meeker to come into a barracks to which they were not assigned, Washington refused to allow Addison to leave, and Meeker assaulted Addison, seriously injuring him; Captain King and Lieutenant Reed conspired to conceal Washington's wrongdoing; Warden Bradberry refused to acknowledge Addison's grievances regarding the incident; Lieutenant Heir assaulted Addison in the infirmary after Meeker's attack; and Captain Tate subsequently assigned Meeker to a cell next to Addison's and did not acknowledge Addison's related grievances. Addison moved for appointment of counsel; the Magistrate Judge[2] denied the motion, stating he had considered the factors set forth in Johnson v. Williams, 788 F.2d 1319, 1322-1323 (8th Cir. 1986).
 
 
 3
 After hearing the witnesses and considering the evidence, the Magistrate Judge issued his report and recommendation, to which Addison filed objections. The District Court conducted a de novo review and resolved the disputed facts by listening to the hearing tapes. It then adopted the Magistrate Judge's findings and recommendations, dismissed the complaint, and entered judgment for defendants. Addison appealed.
 
 
 4
 We review the District Court's findings of fact under the clearly-erroneous standard, see Fed. R. Civ. P. 52(a), but we review de novo the issue of Eighth Amendment liability. Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992). To prevail on his failure-to-protect claim, an inmate must show that prison officials "were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Branchcomb v. Brewer, 669 F.2d 1297, 1298 (8th Cir. 1982) (per curiam). To demonstrate reckless disregard, an inmate must show a pervasive risk of harm not ordinarily established by a single incident or isolated incidents. Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991).
 
 
 5
 The District Court based its findings on sufficient evidence and credibility determinations, and thus did not clearly err. See Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985). Defendants presented evidence that Washington did not allow Addison or Meeker into the unassigned barracks and that he responded promptly to release Addison to the infirmary following the injury. Addison did not present any evidence that a pervasive risk of harm existed, or that Washington (or any of the defendants) should have known Addison was at risk of attack. Addison therefore failed to establish deliberate indifference to his constitutional rights.
 
 
 6
 As to the remaining claims, Addison admitted at the hearing that he had no grounds for suing Tate and that Bradberry signed his grievance appeals. Addison presented no evidence that defendants conspired to cover up the incident or violated his constitutional rights, or that Heir "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986).
 
 
 7
 Although Addison contends on appeal that the District Court denied his motion for appointment of counsel without giving reasons, the Court stated it had considered the Johnson factors. See In re Lane, 801 F.2d 1040, 1044 (8th Cir. 1986). We note that the case was not factually or legally complex. The District Court acted within its discretion in declining to appoint counsel. See Tisdale v. Dobbs, 807 F.2d 734, 737 (8th Cir. 1986).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas