McKinley **ROBINSON,** Appellant,

v.

Morris **CAVANAUGH, Dining Room Sgt.; Dick Moore; Steve Long; Michael Groose; David Dormire,** Appellees.

No. 93–2114.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1994.

Decided April 5, 1994.

---

Appellant was not represented by Counsel.

Sara L. Trower, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

McKinley Robinson, a Missouri inmate, appeals the district court's [1] order dismissing his 42 U.S.C. § 1983 claim that defendant prison officials, Morris Cavanaugh, Dick Moore, Steve Long, Michael Groose, and David Dormire violated Robinson's Fourteenth Amendment rights by reducing his prison wages. He also appeals a subsequent order granting summary judgment to defendants on his 42 U.S.C. § 1983 claim that defendants violated his Eighth Amendment rights when they allegedly failed to protect him from an assault by another inmate. For the reasons discussed below, we affirm the judgment of the district court.

Robinson alleged that prison officials violated his Fourteenth Amendment due process rights when they unilaterally and without prior notice instituted a new prison wage scale which resulted in the reduction of his wages from $30.00 per month to $7.50 per month for his work in the prison dining room. Robinson also alleged that prison officials failed to protect him from an assault by another inmate which occurred when Robinson could not pay his debts as a result of the wage cut.

In recommending the sua sponte dismissal of the wage reduction claim as frivolous under 28 U.S.C. 1915(d), the magistrate judge stated that under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), no constitutional due process violation occurred because of the existence in Missouri of ade-

---

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommenda-

tions of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

quate post-deprivation remedies. Robinson objected, contending that Missouri law created a protected interest in the full amount of his wages and that *Parratt* did not apply to his situation. After considering Robinson's objections and conducting de novo review, the district court adopted the magistrate judge's recommendation and dismissed Robinson's wage reduction claim.

Thereafter, defendants moved for summary judgment on the failure to protect claim, contending that Robinson had not informed them that he feared being attacked. Defendants also asserted that Robinson never provided the name of any inmate he thought would attack him and that qualified immunity shielded them because they acted in an objectively reasonable manner. Robinson moved for appointment of counsel. In response to defendants' summary judgment motion, Robinson contended that he had requested protective custody and had informed defendants that he feared someone would attack him. Robinson conceded, however, that when he requested protective custody, he did not provide the name of his would-be attacker because he did not want to be labelled as an informant. In reply, defendant Dormire averred that defendants could not place Robinson in protective custody without Robinson either providing the name of his potential attacker or some evidence that he was, indeed, in danger. According to Dormire, defendants cannot effectively protect an inmate without knowing the potential assailant and because a potential aggressor could feign needing protective custody in order to attack another inmate already there.

The magistrate judge denied Robinson's motion for appointment of counsel and recommended granting summary judgment to defendants on Robinson's failure to protect claim because Robinson failed to provide defendants with specific facts about his feared attack. After considering Robinson's objections and conducting de novo review, the district court adopted the magistrate judge's recommendations and granted summary judgment in favor of defendants.

In addition to reiterating the arguments he advanced to the district court, Robinson argues on appeal that the district court erred

by not granting his motion for appointment of counsel.

We review a district court's dismissal of a complaint under 28 U.S.C. 1915(d) for an abuse of discretion. *Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–38, 104 L.Ed.2d 338 (1989).

We conclude that the district court did not abuse its discretion in dismissing Robinson's claim concerning the reduction of his wages. While it is true that many section 1983 actions dealing with the random or unforeseeable loss of property can be resolved when an adequate state post-deprivation remedy exists, in this case, Robinson is arguing that the new prison wage scale itself deprived him of a protected property interest without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 130–31, 110 S.Ct. 975, 986, 108 L.Ed.2d 100 (1990); *Weimer v. Amen*, 870 F.2d 1400, 1403–04 (8th Cir.1989). Thus, in essence, he contends that he had "a legitimate claim of entitlement" to the higher wages. *Ervin v. Blackwell*, 733 F.2d 1282, 1285 (8th Cir.1984).

We have previously stated that "[t]here is no constitutional right to prison wages and any such compensation is by the grace of the state." *Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir.1986). In addition, as the Supreme Court has noted, "[p]roperty interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2701, 33 L.Ed.2d 548 (1972). Robinson's wage claim fails because he cannot point to any Missouri law that grants him a property interest to the previous higher wage scale. We do not read sections 217.255 and 217.260 of the Missouri Revised Statutes as creating such a property interest.

Turning to Robinson's failure to protect claim, we review the district court's grant of summary judgment de novo, *United*

*States ex rel. Glass v. Medtronic Inc.*, 957 F.2d 605, 607 (8th Cir.1992), applying the same standards as the district court. *Kuhnert v. John Morrell & Co. Meat Packing*, 5 F.3d 303, 304 (8th Cir.1993). Prisoners have a constitutional right to be free from attacks by other inmates. *See Butler v. Dowd*, 979 F.2d 661, 675 (8th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 2395, 124 L.Ed.2d 297 (1993). To prevail on his failure-to-protect claim, Robinson needed to show that prison officials "were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Branchcomb v. Brewer*, 669 F.2d 1297, 1298 (8th Cir.1982) (per curiam); *see also Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir.1991).

The district court properly granted summary judgment to defendants because Robinson failed to demonstrate that defendants acted with deliberate indifference by not placing him in protective custody based on his general fear for his safety. *Cf. Ruefly v. Landon*, 825 F.2d 792, 794 (4th Cir.1987) (defendants did not act with deliberate indifference when they had no reason to know that an inmate posed a "specific risk" of harm" to plaintiff). Even if defendants denied his requests for protective custody, Robinson does not dispute that he declined to identify the inmate he feared would attack him nor does he dispute defendants' contention that they would not place an inmate in protective custody without knowing the identity of the potential assailant. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Having carefully reviewed the record, we conclude that the magistrate judge did not abuse his discretion in denying Robinson's motion for appointment of counsel. *See Rayes v. Johnson*, 969 F.2d 700, 702–03 (8th

Cir.) (standard of review), *cert. denied*, —— U.S. ——, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992). Robinson's request for oral argument is denied.

Accordingly, the judgment of the district court is affirmed.