21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gregory D. GRAVES, Appellant,
v.
GARLAND COUNTY DETENTION CENTER; Clay White, Sheriff; Carl
Lacey, Jail Administrator; Ray Charles Hendrix, Appellees.
 No. 93-2554.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 4, 1994.
Filed: April 6, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gregory D. Graves, an Arkansas inmate, appeals from the district court's[1] judgment dismissing his 42 U.S.C. Sec. 1983 complaint. We affirm.
 
 
 2
 Graves alleged that, while he was an inmate at the Garland County Detention Center, fellow inmate Ray Hendrix punched him, breaking his jaw, in a dispute concerning a card game. Graves alleged that he did not receive medical treatment until four days after the incident. Graves further alleged that Sheriff Clay White and Captain Carl Lacey failed to ensure adequate patrol of the cells or provide a grievance procedure, and that they were responsible for prisoners' well-being and safety.
 
 
 3
 After hearing the witnesses and considering the evidence, the magistrate judge[2] issued her report, to which Graves filed objections. Upon de novo review, the district court adopted the magistrate judge's findings and recommendations and dismissed the complaint. The court discounted Graves's testimony that he had advised Officer Jackson about the threat of harm from Hendrix, noting that Graves admitted he did not initially report the fight to officials and did not ask to be moved after the incident. Crediting Jackson's testimony that Graves mentioned only a general desire to be moved without specifying any fears he had of Hendrix, the court found that jail officials were not on notice of any assault risk. The court also found that guards frequently patrolled the area and the assault was a spontaneous occurrence; thus, defendants were not deliberately indifferent to Graves's right to be free from inmate attacks. Crediting Lacey's testimony that he was unaware of Graves's condition until he received a medical request form from Graves, and that Graves received treatment the next day, the court also found no deliberate indifference to Graves's serious medical needs.
 
 
 4
 To prevail on his failure-to-protect claim, an inmate must show that prison officials "were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Branchcomb v. Brewer, 669 F.2d 1297, 1298 (8th Cir. 1982) (per curiam). To demonstrate reckless disregard, an inmate must show a pervasive risk of harm not ordinarily established by a single incident or isolated incidents. Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991). A claim of medical mistreatment under the Eighth Amendment requires a showing that prison officials acted with deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 The district court based its findings on sufficient evidence and credibility determinations, and thus did not clearly err. See Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985). Under these findings, a single, isolated altercation caused Graves's broken jaw; before the altercation, officials did not know of any problems between Graves and Hendrix. Furthermore, Graves received treatment within one day after defendants became aware of his medical condition. Graves therefore failed to establish that defendants were deliberately indifferent either to his right to be free from attack or to his serious medical needs.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas