57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Carl Dwayne PRINCE, Appellant,
v.
G. David GUNTHARP, Assistant Director, Arkansas Department
of Correction; S.F. Thompson, Warden, Delta Unit,
Arkansas Department of Correction, Appellees.
 No. 94-3909
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 1, 1995
Filed: June 7, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Carl Dwayne Prince appeals from the district court's[1] final order dismissing his 42 U.S.C. Sec. 1983 action against prison officials S. Frank Thompson and G. David Guntharp. Prince, who requested a jury trial and appointment of counsel, alleged that he was assaulted by fellow inmates as a result of defendants' failure to station security officers inside the glass-encased barracks or remove glass from the control booth to enable auditory monitoring, and that defendants were aware of the inadequate security through his written grievances. Following a hearing on defendants' motion for summary judgment, the district court found insufficient facts from which a jury could conclude that either defendant had knowledge of and disregarded a substantial risk of harm to Prince.
 
 
 2
 For reversal, Prince argues the district court erred in (1) failing to view his evidence in the light most favorable to him; (2) denying his motion to amend his complaint; (3) approving the magistrate judge's findings over his objections because he did not receive a full and fair evidentiary hearing, as he was denied witnesses and sufficient discovery; and (4) refusing to appoint counsel. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 3
 Like the district court, we must determine whether the evidence presented " 'a sufficient disagreement to require submission to a jury or whether it [was] so one-sided that one party must prevail as a matter of law.' " Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In this inquiry, a court must apply the proper standard of proof, avoid credibility determinations, believe the nonmoving party's evidence, and draw all justifiable inferences in that party's favor. Johnson v. Bi-State Justice Ctr., 12 F.3d at 136.
 
 
 4
 Prisoners have an Eighth Amendment right to be free from attacks by other inmates, Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994) (per curiam); however, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). To prevail on a failure- to-protect claim, an inmate must show that prison officials were subjectively aware of and disregarded a substantial risk of serious harm. Id.
 
 
 5
 Although subjective knowledge of and failure to act on a substantial risk to inmate safety may give rise to Eighth Amendment liability, prison officials may not be liable if they "responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 1982-83. Prince did not rebut defendants' evidence that the glass-encased barracks promoted security through visual observation, and that defendants responded to the conditions Prince complained of in his grievances by advising officers to monitor barracks activities more closely and to step up efforts to keep noise levels down. We note Prince did not introduce evidence of a pattern of violence that would put defendants on notice of a pervasive risk of harm. Cf. Bailey v. Wood, 909 F.2d 1197, 1199- 1200 (8th Cir. 1990) (pervasive risk of harm exists when violent assaults occur with sufficient frequency that plaintiff is put in reasonable fear of his safety).
 
 
 6
 We find no abuse of discretion in the denial of Prince's motion to amend the complaint, see Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992) (per curiam); the denial of Prince's non- party witnesses at the hearing, see Williams v. Carter, 10 F.3d 563, 566-67 (8th Cir. 1993); the denial of Prince's request for appointment of counsel, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992); and no showing discovery was inadequate. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas