60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Donald E. MILLER, Appellant,
v.
Daniel KEMPKER; Paul Strauch; Timothy Branson, Appellees.
 No. 94-3505.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 7, 1995.
Filed: July 14, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Donald E. Miller filed this 42 U.S.C. Sec. 1983 complaint against prison officials after another inmate threw hot bleach solution in Miller's face as he passed by the inmate's cell. Miller contended that defendants failed to protect him and failed to enforce security policies which could have prevented the attack, and were deliberately indifferent to his emotional well-being after the attack. The district court[1] granted defendants' summary judgment motion, and Miller appeals. We affirm.
 
 
 2
 The district court properly construed Miller's claim as arising under the Eighth Amendment rather than under the Due Process Clause. See Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994) (per curiam) (prisoners have Eighth Amendment right to be free from attacks by other inmates); Hewitt v. Helms, 459 U.S. 460, 469 (1983) (rejecting argument that regulations governing daily operation of prison system conferred liberty interest in and of themselves). To prevail on a failure-to-protect claim, an inmate must show that prison officials were subjectively aware of and disregarded a substantial risk of serious harm. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Assuming without deciding that Miller faced a substantial risk of serious harm from the other inmate, we conclude summary judgment was appropriate as there was no evidence defendants were subjectively aware of this risk. Viewed in a light most favorable to Miller, the record shows that Miller and the other inmate were assigned to a secured unit where their only opportunity for contact was when Miller walked by the other inmate's cell on the way to the showers; that, although Miller reported the inmate had been threatening him over a four-day period, Miller himself did not consider the threats serious enough to put the other inmate on his enemy list or to request an escort to the showers; and that defendants did not know the other inmate had anything in his possession with which he could harm Miller.
 
 
 3
 We reject Miller's arguments that, pursuant to institutional policy, defendants should have discovered the other inmate possessed contraband and should have escorted Miller to the showers. See Falls v. Nesbitt, 966 F.2d 375, 379-80 (8th Cir. 1992) (prison official's violation of internal regulation does not give rise to Eighth Amendment claim). Finally, defendants were not deliberately indifferent to Miller's emotional health when they returned him after the assault to a cell in close proximity to the other inmate's, as they took reasonable steps to protect him from any further attack and the other inmate was transferred within eight days of the assault. See Farmer, 114 S. Ct. at 1982-83 (prison officials may not be liable if they responded reasonably to risk).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri