_____

No. 94-3248
_____

Avery Lee Mason,                    *
                                    *
        Appellant,                  *
                                    *
    v.                              *
                                    *
James D. Purkett; Sharon            *   Appeal from the United States
Fairchild; Unknown Lewis,           *   District Court for the
Sergeant; Dan Henry; John Doe,      *   Eastern District of Missouri.
(1); Virgil Lansdown; John Doe,     *
(2); Maurice Guerin; John Doe,      *       [UNPUBLISHED]
(3); Jesse Bishop; John Doe, (4);*
Janet Ratly; Unknown Burr;          *
Unknown Sturgill; Unknown Holmes,*
                                    *
        Appellees.                  *


_____

            Submitted:  February 6, 1996

                Filed:  February 12, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judge
s.
_____

PER CURIAM.

    Avery Lee Mason, a Missouri inmate, appeals the District
Court's[1] grant of judgment as a matter of law to defendant prison
officials in his 42 U.S.C. § 1983 action.  We affirm.

    While confined at the Farmington Correctional Center (FCC),
Mason was placed in an administrative segregation cell with another

_____

    [1]The Honorable Jean C. Hamilton, Chief Judge, United States
District Court for the Eastern District of Missouri.

inmate, who, shortly after he was placed in the cell, "told [Mason] that he was sexually attracted to him."  Mason claimed defendants violated his Eighth Amendment rights when they ignored his request to be placed in protective custody, and his Fourteenth Amendment rights by engaging in "racial segregation practices" in cell assignments.

The District Court denied Mason's requests for appointment of counsel, and a jury trial was held.  Mason explained what happened in the cell.  Mason also testified that when defendant Officer Burr escorted him to the shower, Mason told Burr he "would like to have protective custody."  Mason admitted that he never informed any of the defendants other than Burr about the situation.  As to his injuries, Mason said that he "hurt [his] head mostly," and "suffered emotional fear, fear and loss of self-esteem," but conceded that he did not seek medical or psychological attention.

The District Court granted defendants' motion for judgment as a matter of law, finding that Mason had failed to:  present any evidence on the racial discrimination claim; prove he communicated the situation to any of the named defendants; prove an attack occurred; and prove sufficient damages.  Mason appeals, arguing that the District Court erred in granting defendants judgment as a matter of law and in not appointing counsel.

We review <u>de novo</u> the District Court's grant of judgment as a matter of law, applying the same standard as the District Court.  <u>Marti v. City of Maplewood, Mo.</u>, 57 F.3d 680, 685 (8th Cir. 1995).  Judgment as a matter of law is proper when, "viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences without assessing credibility," the nonmovant has failed to present sufficient evidence to support a jury verdict in that party's favor.  <u>Id.</u>  We conclude Mason failed to present sufficient evidence at trial to withstand defendants' motion.

-2-

FCC officials are obliged to protect inmates from substantial risk of assault by other prisoners, when they know of such risks. See Farmer v. Brennan, 114 S. Ct. 1970, 1976, 1984 (1994). As to all defendants except Officer Burr, Mason presented no evidence that they knew placing him in the cell with the other inmate exposed Mason to a substantial risk of serious harm. See id. at 1977, 1979; Jensen v. Clarke, Nos. 95-1105 & 95-1115, slip op. at 5 (8th Cir. Jan. 11, 1996).

As to Officer Burr, even if Mason's placement in the cell exposed him to a substantial risk of serious harm, we conclude Mason did not prove that he told Burr enough to enable Burr to infer that Mason was exposed to a substantial risk of serious harm, much less prove that Burr actually made such an inference. See Farmer, 114 S. Ct. at 1977, 1979. Rather, Mason proved at most that he expressed to Burr "a general fear for his safety." Cf. Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994) (per curiam) (summary judgment for defendants proper on inmate's failure-to-protect claim when inmate did not demonstrate defendants acted with deliberate indifference by not placing him in protective custody based on general fear for his safety).

We agree with the District Court that Mason failed to present any evidence on his racial discrimination claim.

Finally, we cannot say the District Court abused its discretion here in not appointing counsel. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (standard of review). Cf. Abdullah v. Gunter, 949 F.2d 1032, 1035-36 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992) (concluding that appointment of counsel appropriate where, inter alia, factual and legal issues are complex and plaintiff lacked sufficient resources to investigate relevant facts).

Accordingly, the judgment of the district court is affirmed.

-3-

A true copy.

        Attest:


            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.