**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2359
_____

Robert Jackson,                     *

                            *

    Plaintiff - Appellee,      *

                            *   Appeal from the United States

v.                       *   District Court for the

                            *   Eastern District of Arkansas.

Savell Everett,              *

                            *

    Defendant - Appellant.    *

_____

Submitted:  December 8, 1997
Filed:  April 7, 1998
_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Arkansas Inmate Robert Jackson filed this § 1983 action against prison security officer Savell Everett.  In the claim at issue on this appeal, Everett is accused of violating Jackson's Eighth Amendment rights by failing to protect him from being stabbed by another inmate.  Everett appeals a district court order denying him qualified immunity against this damage claim.  We reverse.

In reviewing Everett's pretrial motion for qualified immunity, we accept as true the facts alleged by Jackson, the nonmoving party. Williams v. Delo, 49 F.3d 442, 444 n.1 (8th Cir. 1995). On August 22, 1994, Jackson and inmate Jerry Hamilton were housed in a barracks at the Cummins Unit of the Arkansas Department of Corrections, where they slept head to head. That night, another inmate delivered to Everett an unsigned note stating that Hamilton planned to kill Jackson in his sleep. Jackson and Hamilton were summoned to Everett's office where Everett interviewed them, first separately and then together. In the separate meeting, Everett relayed the substance of the note to Jackson, who responded he was sure he had no problems with Hamilton. After interviewing Hamilton separately, Everett brought the two inmates together and asked whether they had problems; both responded no. Jackson and Hamilton were returned to the barracks, where the night passed without incident. The next morning, Everett gave the note and an oral report to his supervisor before going off duty at 8:00 a.m. At 3:30 p.m., Hamilton stabbed Jackson and another inmate in the prison cafeteria. The other inmate died, and Jackson was hospitalized with a serious stomach wound. Everett was not in the prison at the time of the stabbing. He returned to work at 8:00 p.m. that night.

Jackson's complaint alleges that Everett showed deliberate indifference to Jackson's safety by failing to protect him from Hamilton. Everett filed a motion for summary judgment, claiming qualified immunity under Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996), where we reversed the denial of qualified immunity in an inmate assault case. The district court denied the motion on the ground that "Everett's alleged failure to offer to separate the two inmates and his failure to search the inmates for weapons, if credited, would be sufficiently unreasonable to lower the shield of qualified immunity." This interlocutory appeal followed. We have jurisdiction to determine whether, in view of the facts the district court deemed adequately supported for summary judgment purposes, Everett's conduct meets the qualified immunity standard of "objective legal reasonableness." Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996).

Qualified immunity is a question of law which we review *de novo*. See <u>White v. Holmes</u>, 21 F.3d 277, 279 (8th Cir. 1994).

Qualified immunity protects a government official from damage liability unless his performance of a discretionary function violated clearly established statutory or constitutional rights. See <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In determining the objective legal reasonableness of the official's action, the contours of the right he is alleged to have violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Qualified immunity protects "all but the plainly incompetent or those who willingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986); see <u>Hunter v. Bryant</u>, 502 U.S. 224, 227-29 (1991).

<u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), decided some months before Jackson was stabbed, "confirmed that a prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." <u>Newman v. Holmes</u>, 122 F.3d 650, 652 (8th Cir. 1997). This Eighth Amendment claim has an objective component, whether the situation presented a substantial risk of serious harm, and a subjective component, whether the prison official was deliberately indifferent to the inmate's health or safety. See <u>Farmer</u>, 511 U.S. at 834. In this appeal, the issue is deliberate indifference.

Deliberate indifference is the reckless disregard of a known, excessive risk of serious harm to inmate health or safety. <u>Farmer</u>, 511 U.S. at 836-38. Thus, the first question is whether an excessive risk to Jackson's health or safety was known or obvious to Everett. This element of deliberate indifference must be viewed from Everett's perspective at the time in question, not with hindsight's perfect vision. See <u>Williams v. Nebraska State Penitentiary</u>, 57 F.3d 667, 669 (8th Cir. 1995). Without question, Everett perceived a substantial risk when he received the anonymous note warning that Hamilton would kill Everett that night. Everett investigated that risk.

Both Jackson and Hamilton denied any problems, the night passed without incident, and Everett reported the incident when his shift ended the next morning. Many hours later, the risk became reality, in another part of the prison, when Everett was off duty and Jackson and Hamilton were under the supervision of other prison officials.

The district court concluded that this element of deliberate indifference was satisfied because Everett received the anonymous note and Jackson was stabbed the next day. But "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Prater, 89 F.3d at 541. Furthermore, because prisons are dangerous places, "[h]ousing the most aggressive among us [and placing] violent people in close quarters," McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991), cert. denied, 503 U.S. 907 (1992), "prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another." Prosser v. Ross, 70 F.3d 1005, 1007 (8th Cir. 1995). Here, Everett took steps to protect Jackson from the known risk. When that risk did not materialize, he reported the incident and went off duty. An "official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838. We conclude Everett is entitled to qualified immunity because Jackson presented insufficient evidence Everett knew of an excessive risk to Jackson's safety in the prison cafeteria the next afternoon.

Even if Jackson satisfied the known-excessive-risk element for summary judgment purposes, we conclude Everett is entitled to qualified immunity because there is insufficient evidence he recklessly disregarded that risk. Jackson admits that Everett explained what was in the anonymous note and asked Jackson whether he and Hamilton had problems. When Jackson said no, Everett interviewed the two inmates together, and they both denied any such problems. The district court concluded that it was "unreasonable" for Everett not to separate the two inmates and immediately search them and their cells for weapons. But reasonableness is a negligence standard.

-4-

This precise standard was rejected for the due process claim in <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48 (1986), a case in which there was no appeal from the district court's dismissal of an Eighth Amendment failure-to-protect claim because the inmate plaintiff failed to prove deliberate indifference. Even the dissenters in <u>Davidson</u> recognized that negligence is inappropriate as an Eighth Amendment standard. <u>See</u> 474 U.S. at 354 n.3 (Blackmun, J., dissenting). Thus, mere negligence does not "support a conclusion that [Everett] exercised a callous disregard or reckless indifference in responding to the risk." <u>Bailey v. Wood</u>, 909 F.2d 1197, 1200 (8th Cir. 1990); <u>accord</u> <u>McGill</u>, 944 F.2d at 350. In evaluating a prison official's response to a known risk to inmate safety, "deliberate indifference includes something more than negligence but less than actual intent to harm"; it requires proof of a reckless disregard of the known risk. <u>Newman v. Holmes</u>, 122 F.3d at 653.

Jackson argues that Everett's failure to separate the two inmates and to check for weapons in the barracks evidenced a reckless disregard of the risk that amounted to deliberate indifference. But Everett promptly investigated, and the two persons with direct knowledge of the alleged problem denied its existence. Because we give prison officials "wide-ranging deference . . . to preserve internal order and discipline and to maintain institutional security," Everett's failure to take additional security measures, even if arguably negligent, cannot constitute reckless disregard of a known risk. <u>Falls v. Nesbitt</u>, 966 F.2d 375, 379 (8th Cir. 1992), quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979). Jackson further complains that Everett failed to provide security in the prison cafeteria, failed to prevent Hamilton from bringing a concealed knife into the cafeteria, and failed to prevent Hamilton from attacking Jackson with the knife. However, Everett was not responsible for what occurred in the cafeteria, as he had reported the note to his supervisor and gone off duty hours earlier. <u>See</u> <u>Williams</u>, 49 F.3d at 446.

For the foregoing reasons, the district court's April 18, 1997, order denying Everett qualified immunity on Jackson's failure-to-protect claim is reversed. As the

district court noted in that order, Jackson's complaint also included a claim that Everett was willfully indifferent to Jackson's serious medical needs and subjected him to unsanitary prison conditions on another occasion. Everett's summary judgment brief did not address that claim, nor has he referred to it on appeal. Accordingly, we remand to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.