# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1210

_____

Thomas Louden,     *

                        *

       Plaintiff-Appellant,     *

                        *    Appeal from the United States

      v.                    *    District Court for the District

                        *    of Minnesota.

City of Minneapolis, Minnesota;     *

Brenda Perry, individually and as an     *

employee of the City of Minneapolis,     *

                        *

       Defendants-Appellees.     *

_____

Submitted: October 16, 2000

Filed: November 28, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Thomas Louden brought this 42 U.S.C. § 1983 action against Minneapolis Police Officer Brenda Perry and the City, claiming that Perry had violated his constitutional rights and state law after she responded to a call from a tenant whom he was trying to evict. The district court[1] granted summary judgment to the defendants on the basis of qualified immunity, and Louden appeals the dismissal of his Fourth Amendment claim.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

We affirm.

On June 8, 1997, two Minneapolis police officers responded to a call from Tenise Larkin, a tenant in Louden's building. Larkin complained that Louden had taken the large jugs she used for her water cooler. Relations between the two were not good, and she had obtained a restraining order preventing Louden from serving an unlawful detainer on her. When the officers arrived on June 8, they asked Louden about the water jugs. He told them that Larkin had left the jugs in the hallway in violation of the fire code so he had locked them in his storage room to avoid being cited by inspectors. Louden showed the officers the storage room and the jugs and then locked the door. Officer Perry told Louden she would arrest him for theft if he did not return the bottles and stopped him from returning upstairs to his apartment. Louden claims that he told Perry twice he needed his oxygen but that she said he would first have to give her the storage room key. Louden passed out at the bottom of the stairs, and the officers called for an ambulance.

Ten days prior to this incident, Louden had had a major stroke which left his face and the right side of his body numb. To avoid losing consciousness from strokes, Louden was using oxygen and nitroglycerin pills. He had had a history of medical problems, but it is undisputed that he did not inform Officer Perry about his medical problems or that he risked loss of consciousness or stroke if he could not reach his oxygen.

Louden originally alleged that Perry had violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and committed an assault and battery. At oral argument his counsel indicated that the appeal is now focused solely on the issue of whether Louden "was seized in the sense that he wasn't allowed to access his medical equipment, his oxygen, [and] that was not reasonable under the Fourth Amendment because there was no lawful purpose to deny him access to his oxygen other than the

fact that the officer wanted to get keys to the storage area." Counsel has not cited any case in support of this theory, and the appellees argue that Perry is protected by qualified immunity because the law was not clearly established as to when immediate access to medical equipment is required and her actions were reasonable in light of the information she possessed at the time of the incident.

Qualified immunity shields government officials performing discretionary functions from liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). We review a grant of qualified immunity de novo. See Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). Even if we were to assume that Louden was seized when Perry blocked his access to the stairway to his apartment, see County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (a seizure only occurs when there is a "termination of freedom of movement *through means intentionally applied*"), a seizure is permissible if it is reasonable. See Graham v. Connor, 490 U.S. 386, 395 (1989). In order to be entitled to qualified immunity, Perry must have acted in an objectively reasonable manner judged from the perspective of a reasonable officer on the scene possessing the same information. See Anderson v. Creighton, 483 U.S. 635, 641 (1987); Hawkins v. City of Farmington, 189 F.3d 695, 702 (8th Cir. 1999).

The action by Perry that is alleged to be a seizure was her keeping Louden at the base of the stairway while she attempted to get the key to the storage room. Louden argues that Perry had no lawful purpose in stopping him from returning to his apartment, but her purpose was not unlawful. Officer Perry was trying to settle a landlord tenant dispute in response to a call for help. Her actions did not violate any clearly established constitutional rights of which a reasonable officer would have known. Louden produced no evidence to show that Perry had any reason to know that he had had a stroke or that he needed oxygen to prevent any type of recurrence. A reasonable officer possessing the same information as Perry would not have known that

Louden could pass out within a very short time after asking for oxygen, that stopping him in order to get the key would swiftly impact his physical well-being, or that this interference with his freedom of movement would clearly violate the Fourth Amendment.  See id.  Perry is thus entitled to qualified immunity, and the district court did not err in granting summary judgment.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-