# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1224

_____

Thomas Grady,    *
                 *
      Appellant,    *
                 *    Appeal from the United States
    v.    *    District Court for the
                 *    Eastern District of Arkansas.
Bill Terry, Sgt., Cummins Unit,    *
Arkansas Department of Correction;    *    [UNPUBLISHED]
D. W. Tate, Captain, Cummins Unit,    *
Arkansas Department of Correction;    *
Larry Norris, Director, Arkansas    *
Department of Correction (originally    *
sued as L Norris); Keith Baker, Lt.,    *
Cummins Unit, Arkansas Department    *
of Correction (originally sued as    *
Baker); Keith Day, Sgt., Cummins    *
Unit, Arkansas Department of    *
Correction (originally sued as Day);    *
Clayburen, Sgt., Cummins Unit,    *
Arkansas Department of Correction    *
(originally sued as Clayburen); Johnny    *
Ruth, CO-I, Cummins Unit, Arkansas    *
Department of Correction (originally    *
sued as Ruth); Troy Wilson, CO-I,    *
Cummins Unit, Arkansas Department    *
of Correction (originally sued as    *
Wilson); Keith Johnson, CO-I,    *
Cummins Unit, Arkansas Department    *
of Correction (originally sued as K    *
Johnson); G. D. Guntharp, Assistant    *
Director, Cummins Unit, Arkansas    *

Department of Correction (originally    *
sued as Guntharp); M. D. Reed,    *
Warden, Cummins Unit, Arkansas    *
Department of Correction; Talbot Falls,    *
Lt., Cummins Unit, Arkansas    *
Department of Correction, originally    *
sued as Lt. Falls; A. D. Bradberry,    *
Assistant Warden, Cummins Unit,    *
Arkansas Department of Correction    *
(originally sued as Bradberry),    *
   *
      Appellees.    *

_____

Submitted: November 23, 2000
Filed: December 1, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

On February 10, 1999, Officer Johnny Ruth handcuffed Arkansas inmate Thomas Grady and three other inmates, and released them from their cells to the shower. The first inmate to be uncuffed after reaching the shower area suddenly stabbed another in the group with a homemade knife and then turned on Grady, stabbing him too. Grady later brought a failure-to-protect action under 42 U.S.C. § 1983. The matter proceeded to an evidentiary hearing, after which the District Court[1]

_____

[1] The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

dismissed Grady's complaint.[2]  Grady now appeals.  Having reviewed the District Court's factual findings for clear error and its legal conclusions de novo, we affirm. See Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997).

To prevail on his failure-to-protect claim, Grady had to show deliberate indifference by proving that (1) an excessive risk to him was known or obvious to the defendants; and (2) the defendants recklessly disregarded that risk.  See Jackson v. Everett, 140 F.3d 1149, 1151-52 (8th Cir. 1998).  The testimony presented at the hearing established no known or obvious risk that the assailant, Inmate Owens, might attack Grady, who had consistently reported only a general fear for his safety; he did not identify Owens as an enemy and he himself was surprised by the attack.  See Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994) (per curiam) (finding that prison officials were not deliberately indifferent to the inmate's safety when they refused to place him in protective custody based solely on his general fear for his safety).

As to Officer Ruth's failure to discover the weapon on Owens, defendants presented evidence that the officer had followed accepted procedure when he released Grady and the others to the shower.  The officer had checked the inmates' underwear and towels, and the inmates were dressed only in their undershorts. We conclude the officer was at most negligent in not discovering the weapon.  Cf. Jackson, 140 F.3d at 1150, 1152-53 (finding that where an inmate received an anonymous note stating his cellmate was going to kill him, and defendant officer then interviewed inmates, who both denied problem, the officer's failure to take additional security measures was arguably negligent but not a reckless disregard of a known risk).  Finally, we decline to address Grady's inadequate-staffing argument, as he did not raise this issue in his

---

[2]By the time the hearing was held, only Lieutenant Talbot Falls and Correction Officers Johnny Ruth, Troy Wilson, and Keith Johnson remained as defendants.

complaint or at the hearing.  See Phelps v. United States Fed. Gov't, 15 F.3d 735, 739 n.4 (8th Cir.), cert. denied, 511 U.S. 1114 (1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.