# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1639

_____

| | |
|---|---|
| Michael Cleaver, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri |
| Michael Kemna; Jean Ann Johnson; | * |
| Russell Hollowell; Ellis; Steve Lakey; | * [UNPUBLISHED] |
| Baker; Galloway; Jimmie Thomas; | * |
| Judy Lewis, | * |
| | * |
| Appellees. | * |

_____

Submitted:  April 25, 2002

Filed:  May 1, 2002

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Michael Cleaver, a Missouri inmate, appeals from the final judgment entered in the District Court for the Western District of Missouri, granting summary judgment in favor of defendants in Cleaver's 42 U.S.C. § 1983 action. Cleaver filed this action against Crossroads Correctional Center employees, claiming as relevant to this appeal that they failed to protect him from getting stabbed by another inmate in violation of the Eighth Amendment. After the case came before us for a ruling on Cleaver's

motion to appeal in forma pauperis, we ordered briefing on the sole issue whether the district court erred in granting summary judgment in favor of defendant Captain William Galloway. For the reasons discussed below, we affirm in part, reverse in part, and remand.

The stabbing occurred after Cleaver was released from administrative segregation to Housing Unit (HU) 3 where the assailant, inmate Frederick Brown, was housed. Although prison officials had ordered Cleaver released to HU 5 so Cleaver could avoid inmate Brown--and this was noted on the prison "docket"--another prison officer misunderstood and wrote on Cleaver's movement summary that he was to be released to HU 3, where he had been housed before his stay in administrative segregation. Cleaver protested to defendant Robert Ellis, the officer who escorted him from segregation, that he should be released to HU 5. Nevertheless, Cleaver was released to HU 3, where Brown stabbed him that evening.

Cleaver attested that prior to releasing him, Officer Ellis called Captain Galloway about the discrepancy between the movement summary and the docket, and Galloway told Ellis to send Cleaver to HU 3 anyway and "[Cleaver] would just be another nigger getting killed." Inmate Kenyatta Williams-Bey attested that it was well known at Crossroads that Cleaver and Brown had had an altercation while imprisoned elsewhere. Williams-Bey also attested that he had told Galloway at 3:00 p.m. on the day of the attack that Brown and Cleaver would have a violent confrontation if Cleaver were released from segregation, and Galloway had responded, "Mind your own f---ing business, I run shit the way I want it ran not the way no inmate tell me to." Also, inmate Fred Hamilton testified that he saw five officers sitting around on the night Cleaver was attacked, and he believed this was unusual because normally only one or two roved the HUs; Hamilton thought that the officers "looked like they were waiting on [the attack] to happen" under Galloway's directions, because Galloway had brought them to HU 3 earlier that evening. Inmate

Maurice Hardin attested that he saw several officers exit Galloway's office and follow Ellis while he was escorting Cleaver to HU 3.

Upon de novo review, see Peter v. Wedl, 155 F.3d 992, 996 (8th Cir. 1998), we conclude that summary judgment for defendant Galloway on the failure-to-protect claim was improper. Under the Eighth Amendment, prison officials must protect prisoners from violence at the hand of other prisoners. See Oetken v. Ault, 137 F.3d 613, 614 (8th Cir. 1998). To prevail on a failure-to-protect claim, an inmate must show that he was incarcerated under conditions presenting a substantial risk of serious harm, and that a defendant official knew of and disregarded that risk. See id. (inmate must establish that official knew of facts from which inference of substantial risk of serious harm could be drawn and that official drew inference); see also Spruce v. Sargent, 149 F.3d 783, 786 (8th Cir. 1998) (official's subjective knowledge can be proved by evidence of surrounding circumstances, or by inference from circumstantial evidence).

Cleaver's attestation of how Galloway responded to Ellis when asked where Cleaver should be housed is inadmissible hearsay. See Fed. R. Evid. 801(c). We believe a reasonable jury could find, however, that the remaining evidence showed Galloway knew, prior to the attack, that Cleaver and Brown posed a risk to one another. According to Williams-Bey, it was well known at Crossroads that Cleaver and Brown had an altercation history. More important, inmate Williams-Bey told Captain Galloway just hours before the attack that Cleaver and Brown would have a violent confrontation if Cleaver were released from segregation. See Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998) (prison security officer perceived substantial risk when he received anonymous note warning that inmate would kill his cellmate that night). Appellees argue that Williams-Bey's attestation of Galloway's response--"Mind your own f---ing business, I run shit the way I want it ran not the way no inmate tell me to"--shows only that Galloway did not act on Williams-Bey's warning, not that Galloway actually believed the warning. However, such

interpretation of Galloway's reported response is a question for the jury. <u>Cf.</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1206 (8th Cir. 1990) (district court could resolve factual dispute only by deciding to believe defendant's affidavit rather than plaintiffs' affidavits, and "such a credibility determination is inappropriate in ruling on a motion for summary judgment").

Accordingly, we reverse the grant of summary judgment for Galloway on the failure-to-protect claim and remand for further proceedings. Having carefully reviewed the summary judgment record as to the remaining claims and the remaining defendants, we affirm in all other respects, but we modify the judgment to reflect that the grant of summary judgment does not count as a strike under 28 U.S.C. § 1915(g).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-