

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Jones v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Jones v. Beard" (2005). *2005 Decisions.* Paper 676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3669
_____

DARRELL JONES,
                                    Appellant

v.

JEFFREY A. BEARD; THOMAS L. JAMES; FRANK D. GILLIS;
ROY E. JOHNSON; JOSEPH PIAZZA; KANDIS DASCANI;
DAVID A. VARANO; DONALD KISTLER; JACK SOMMERS;
MEIXEL; KNARR; K. SHADE; BURKHART; S. GOOLER;
VOGNETZ; CERRELLI, Individually and in their capacity

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00538)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
August 19, 2005

Before: VAN ANTWERPEN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed   August 19, 2005 )

_____

OPINION
_____

PER CURIAM

In March 2003, Darrell Jones filed the underlying complaint pursuant to 42 U.S.C.

§ 1983 in the United States District Court for the Middle District of Pennsylvania. In his complaint, Jones alleged that various officials and correctional officers at the State Correctional Institution at Coal Township violated his Eighth Amendment rights by failing to protect him from a September 24, 2002 assault by his cellmate, Mark Marshall. Following discovery, the defendants filed a motion for summary judgment, which the Magistrate Judge recommended granting in part and denying in part. Specifically, the Magistrate Judge determined that the motion should be granted as to Beard, James, Gillis, Johnson, Piazza, Dascani, Varrano, Kistler, and Sommers (collectively, "supervisory defendants") because they had no personal involvement in the September 24, 2002 assault. However, as to defendants Meixel, Knarr, Shade, Burkhart, Gooler, Vognetz, and Cirelli (collectively, "guards"), the Magistrate Judge determined that genuine issues of material fact precluded summary judgment on Jones' Eighth Amendment claim.

The defendants filed objections to the report, arguing that there were no material facts in dispute. The District Court upheld the defendants' objections and declined to adopt the Magistrate Judge's recommendation as to the guards, concluding that the record was insufficient to establish that they violated Jones' Eighth Amendment rights. Noting that Jones had not filed objections to the report and recommendation, the District Court adopted the Magistrate Judge's recommendation that judgment be entered in favor of the supervisory defendants. Thus, on August 16, 2004, the District Court granted the

2

defendants' motion for summary judgment. This timely appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of an order granting summary judgment. McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the party against whom summary judgment was entered. Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). We may affirm the District Court on any grounds supported by the record. Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

The Eighth Amendment imposes "a duty on prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citations and internal quotations omitted). In order to establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To be deliberately indifferent, a prison official must

---

[1] Because Jones does not challenge on appeal the District Court's conclusion that the supervisory defendants were entitled to summary judgment, we decline to address the issue on the merits. Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) ( "When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal").

3

both "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837. This standard is subjective, not objective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001).

Jones contends that the guards were deliberately indifferent to a risk that Marshall would attack him because: (1) they assigned him to "double-cell" with Marshall on August 29, 2002, knowing that he had a history of psychological problems; and (2) he made oral and written complaints about Marshall between September 1 and September 24, 2002, placing the guards on notice that he faced a risk of being assaulted. According to prison records, Marshall had a history of mental illness. However, the uncontradicted evidence establishes that as of August 29, 2002, Marshall had been taking his prescribed medication, had been screened for classification placement, and had been cleared for general population housing. Because Marshall did not pose a known danger in August 2002, the guards did not act unreasonably in assigning him to double-cell with Jones.

Likewise, we do not believe that Jones' statements in the three weeks leading up to the attack establish that the guards had actual knowledge of a threat of serious harm to Jones. See Farmer, 511 U.S. at 846 (noting that to defeat summary judgment a plaintiff must present enough evidence to support the inference that the prison official "knowingly and unreasonably disregarded an objectively intolerable risk of harm"). Jones told several guards during September 2002 that he and Marshall were not getting along and asked

4

whether he could be moved into a new cell. However, the record is devoid of evidence establishing that Jones articulated specific threats of serious harm, or that he made multiple complaints about Marshall to any one guard. See, e.g., Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998) (noting that "threats between inmates are common" and do not, in every circumstance "serve to impute actual knowledge of a substantial risk of harm") (citations and internal quotations omitted). Moreover, although Jones alleged in his complaint that he filed institutional grievances complaining about Marshall prior to the attack, prison records indicate a complete lack of documentation to substantiate this allegation. See, e.g., Celotex v. Catrett, 477 U.S. 317, 322 (1986) (the non-moving party cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint; rather, he must point to concrete evidence in the record that supports each and every essential element of his case).

In short, under the circumstances presented here, we agree with the District Court that Jones' isolated comments were insufficient to show that the guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk. Beers-Capitol, 256 F.3d at 137 (noting that "[t]he deliberate indifference standard set out in Farmer is a high one"). Because we agree with the District Court that Jones failed to show that the guards were deliberately indifferent to his health and safety, we need not consider whether he faced a substantial risk of serious harm in September 2002.

For the foregoing reasons, we will affirm the District Court's August 16, 2004

5

order.  The motion to include two affidavits as part of the record is denied.