Jaycee WISE, Appellant

v.

U. RANCK, Counselor.

No. 08–4657.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 16, 2009.

Opinion filed: Aug. 10, 2009.

Jaycee Wise, Allenwood FCI, White Deer, PA, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for U. Ranck.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Jaycee Wise appeals from the District Court's order granting summary judgment in favor of the defendant. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Wise alleges that Viola Ranck violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from his former cellmate, who stabbed Wise in the neck, causing him a wound which required stitches. In particular, Wise alleges that Ranck knew of his cellmate's history of antisocial and territorial behavior, but placed him in a two-man cell with the cellmate anyway. Wise claims that, though he warned Ranck of the situation earlier on the day he was injured and informed her that he did not wish to share a cell with his cellmate, she did not move either inmate, and sent Wise back to his cell.

In response to the complaint, Ranck filed a motion for summary judgment. Wise filed a response in opposition. The District Court entered summary judgment in Ranck's favor, and this timely appeal followed.[1] Because the appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

We agree substantially with the District Court's analysis. In the course of evaluating Ranck's argument for qualified immunity, the District Court followed *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), and first considered whether Wise demonstrated the deprivation of a constitutional right.[2] To prevail on the constitutional question, Wise must show that 1) the prison conditions posed a substantial risk of serious harm, and 2) the prison official was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 834,

114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). An official who is deliberately indifferent is both aware of the facts from which one could draw the inference that a substantial risk of serious harm exists, and actually draws the inference herself. *Id.* at 837, 114 S.Ct. 1970. Examining the record in light of this requirement, we agree with the District Court's conclusion that Wise has not established that Ranck had knowledge of a substantial risk of serious harm to him based on his meeting with her before the attack. Wise does not allege that he feared an attack by his cellmate. Rather, he alleges that he and his cellmate did not get along, and that he informed Ranck beforehand that their arguments would likely become physical. In Wise's own account of the events, he indicated his willingness to engage in a physical altercation with his cellmate. In fact, in his own declaration of facts concerning the event, Wise clarifies that, before he met with Ranck, he and his cellmate were about to fight and were stopped only by the intervention of another inmate. While it might have been wise to move one of the inmates in these circumstances, warning Wise that fighting would not be tolerated and returning him to the cell to work it out—the action Ranck took—does not amount to a constitutional violation. *See, e.g., Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) (threats between inmates are common and do not always serve to impute actual knowledge of a substantial risk of harm).

We also agree with the District Court that Wise's former cellmate's history of

---

**1.** We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. *See Torres v. Fauver*, 292 F.3d 141, 145 (3d Cir.2002).

**2.** The District Court's action was consistent with the Supreme Court's recent decision in *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct.

808, 172 L.Ed.2d 565 (2009). There, the Court announced that courts evaluating qualified immunity no longer have to first determine whether a constitutional violation occurred before determining whether the constitutional right was clearly established; rather it is up to the court's discretion which prong to consider first. *Id.* at 818.

difficulty with other cellmates did not give Ranck the requisite knowledge of a substantial risk of serious harm to Wise. Wise does not claim that the former cellmate had a history of violence or of attacking his cellmates. Wise alleges that his former cellmate had a year-long history of "antisocial territorial issues[s]," and that Ranck had relocated other prisoners who had shared a cell with the former cellmate when they requested to be moved. Even assuming Ranck's complete knowledge of this history as Wise alleges it, Ranck's understanding would fall well short of knowing that Wise faced a substantial risk of serious physical harm at the hands of his cellmate when she placed him in the cell.

Accordingly, we conclude that the District Court properly granted the motion for summary judgment. Because this appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).