**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2536
_____

RAMON VASQUEZ,
                                        Appellant

v.

TREVOR A. WINGARD, Regional Deputy Secretary; MELISSA HAINSWORTH,
Superintendent; MARK PRICE, Former Major; MARK BROTHERS, Captain;
DOUGLAS ABBOTT, Lieutenant; ALLEN JOSEPH, former Corrections Classification
Program Manager; JENNIFER MCCLELLAND, Unit Manager; DAVID L. ONSTEAD,
Unit Manager; TREY SLEDGE, C.O.; SHAWN KIRKPATRICK, C.O.; JAMES FEY,
former C.O.; DONALD SKOVIRA, C.O.; LORRIE EARNESTY, Psychological
Services Specialist; STEPHEN MORAN; KERI MOORE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00040)
District Judge: Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 21, 2021
Before: RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 23, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Ramon Vasquez appeals the District Court's dismissal of his civil rights complaint and denial of his motion to reconsider. In his complaint, Vasquez alleged that he had requested to be confined in a single cell without a cellmate due to his fears of being sexually assaulted but was instead placed in a cell with a cellmate.[1] Vasquez claimed that he was then sexually assaulted by his cellmate, which he reported to prison employees and the police. After an investigation, the prison official determined that the assault did not happen. Later, Vasquez was placed with a different cellmate, but not before expressing to prison guards that he "did not feel comfortable" about being housed with his new cellmate. He alleged that his new cellmate sexually assaulted him. After Vasquez reported the assault, the cellmate was removed from the cell. Vasquez also stated his dissatisfaction with the way that his grievances were handled and about the way he was treated by the prison psychologist and certain officers who made disparaging remarks toward him. He asserted various claims under the Eighth Amendment, as well as claims of negligence, slander, intentional infliction of emotional distress, and medical malpractice. After Vasquez twice amended his complaint, the District Court screened the complaint and dismissed it for failure to state a claim.

Vasquez then filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). In it, Vasquez averred that the District Court mistakenly stated in its

---

[1] Because we write primarily for the benefit of the parties, we have included only those facts that are pertinent to the discussion.

2

opinion that he had amended his complaint three times while, according to Vasquez, he only amended his complaint twice. The District Court denied the motion and Vasquez timely appealed.

Pursuant to 28 U.S.C. § 1291, we have jurisdiction to review the District Court's dismissal of Vasquez's complaint and its denial of the Rule 59(e) motion for reconsideration.[2] We review the dismissal of the complaint under the same de novo standard that we apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and the denial of a motion for reconsideration for abuse of discretion, Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Vasquez's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] Because the timely filing of the motion for reconsideration tolled the time for filing a notice of appeal, see Blystone v. Horn, 664 F.3d 397, 414 (3d Cir. 2011), Vasquez's notice of appeal was timely with respect to both the underlying order dismissing the complaint and the motion for reconsideration.

3

The District Court properly dismissed Vasquez's Eighth Amendment claims. Under the Eighth Amendment, a prison official may be liable for deliberate indifference only where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Vasquez did not allege that the prison officials knew of any substantial risk to Vasquez's health or safety by placing him in a cell with another inmate. His first request for a single cell was based on a sexual assault that occurred at a different institution and his second request was based on rumors about his prospective cellmate that he had "heard from other inmates." On those alleged facts, it is not plausible to assume that prison officials knew whether Vasquez's concerns were legitimate. See Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998) ("[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."). Vasquez thus failed to state a claim under the Eighth Amendment.

The District Court also properly dismissed Vasquez's remaining state law claims. Regarding his negligence claims, Vasquez did not state how the officials charged with administrative review of his grievances, the prison guards, or a mental health counselor breached a statutory standard of care or how they caused his alleged injuries. See Kleinknecht v. Gettysburg Coll., 989 F.2d 1360, 1366 (3d Cir. 1993) ("In order to prevail on a cause of action in negligence under Pennsylvania law, a plaintiff must establish: (1) a duty or obligation recognized by law, requiring the actor to conform to a certain

4

standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another."). His intentional infliction of emotional distress claim fails because Vasquez did not show that the conduct was sufficiently "extreme and outrageous" or that the resulting emotion distress was "severe." See Chuy v. Phila. Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979). And, Vasquez has not alleged any harm from that conduct. See 42 Pa. Cons. Stat. § 8343(a)(6) (requiring a plaintiff to establish, among other things, "special harm" to state a claim for slander).[3]

Finally, the District Court correctly denied Vasquez's motion for reconsideration. Under Rule 59(e), a motion for reconsideration should be granted only when the movant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In his motion, Vasquez presented no change in law or new evidence. He stated only that the District Court miscalculated the number of times that he was allowed to amend his complaint. If true, such a factual error was immaterial to the disposition of

---

[3] The claims of malpractice against the prison psychologist were properly dismissed as Vasquez failed to file a certificate of merit. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011). However, the claim fails on the merits regardless. To state a claim for medical malpractice, Vasquez had to allege that (1) the psychologist owed a duty to the patient; (2) the psychologist breached the duty; (3) the breach was the proximate cause of the harm suffered; and (4) the damages suffered were a direct result of the harm. Hightower–Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997). Vasquez has not alleged that the psychologist breached an established duty and it is unclear what damages he suffered as a "direct result" of his disagreement with the psychiatrist's diagnosis.

the case, especially where Vasquez was given leave to amend his first amended complaint before it was dismissed. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Court did not abuse its discretion in denying the motion.

Accordingly, we will affirm the judgment of the District Court.